# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES LIVINGSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | |
| Terminus Trading & Provisions, Inc. ) | |
| D/B/A Revere Meat Co., ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, James Livingston ("Plaintiff" or "Mr. Livingston") submits the following Complaint against Defendant Terminus Trading & Provisions, Inc. D/B/A Revere Meat Co. ("Defendant"):

## INTRODUCTION

1. This is an employment case arising from Defendant's discrimination against Plaintiff because of his age.

2. Plaintiff asserts discrimination claims under the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et. Seq.* ("ADEA"). He seeks lost compensation and economic benefits of employment, reinstatement to his original position or

1

front pay in lieu thereof, liquidated damages, and his reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3.     Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a), and 29 U.S.C. § 626(c)(1).

4.     The violations of Plaintiff's rights occurred in the Northern District of Georgia. Venue is proper under 28 U.S.C. § 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

5.     Plaintiff is a resident of the State of Georgia, and at all relevant times he was employed by Defendant.

6.     Plaintiff is 58 years of age and at all relevant times to this Complaint was over 40 years of age.

7.     Plaintiff was at all relevant times an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

8.     Defendant Terminus Trading & Provisions, Inc. D/B/A Revere Meat Co. is a Georgia corporation with its principal office located at 132 Royal Dr, Forest Park, GA, 30297. Defendant is subject to the jurisdiction of this Court and

may be served with process by personal service upon its registered agent, Chad Stine, at 132 Royal Dr, Forest Park, GA, 30297.

9. Defendant is an "employer" within the meaning of the ADEA, 29 U.S.C. § 630(b).

## ADMINISTRATIVE PROCEEDINGS

10. Plaintiff timely filed a charge of discrimination against Southern Company with the United States Equal Employment Opportunity Commission ("EEOC").

11. Plaintiff received a Notice of Right to Sue from the EEOC and has complied with all conditions precedent to the assertion of his claims under the ADEA in this lawsuit.

## FACTS

12. Mr. Livingston has worked as a commercial truck driver since 2012.

13. Mr. Livingston began working for Defendant in or around November 2019.

14. When Mr. Livingston was initially interviewed in November 2019, he was hired by a supervisor named Earl Kollok, a man in his 60s.

15. But by the time Mr. Livingston actually started working, Mr. Kollok had left Defendant and had been replaced by Tommy Curry, who, on information and belief is in his 30s.

16. Mr. Livingston never once received a write-up or any indication that his performance was lacking and in fact had been told he was doing a great job.

17. A week before Mr. Livingston was terminated, he overheard Mr. Curry say to another driver, a man named Paul in his mid-30s, that "We need more young people here. We gotta get the older folks off the route."

18. On December 23, 2019, Defendant fired Mr. Livingston for alleged "performance reasons" despite the fact that he had never received a negative performance evaluation and was never told that he needed to improve any aspect of his performance.

19. The only communication Mr. Livingston received from Defendant concerning his termination was a text message from his supervisor, Mr. Curry, stating, "Sorry to tell you.. gotta let u go call joe Hr any questions based on performance."

20. When Mr. Livingston attempted to follow up with Mr. Curry and Mr. Boney (co-owner), he did not receive a response.

21. After Mr. Livingston was fired, he learned that he had immediately been replaced by a much younger driver, a man in his 20s or 30s.

22. Defendant also fired another truck driver, a man in his 60s named Freddy Walker, around the same time it fired Mr. Livingston.

23. Like Mr. Livingston, Mr. Walker was also replaced by a much younger driver, a man in his 20s.

24. Both Mr. Livingston and Mr. Walker received text messages from Curry, citing unexplained "performance issues" as the reasons they were fired.

## COUNT I

### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

25. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if set forth fully herein.

26. Plaintiff is a member of the protected age group in that he is over the age of forty (40).

27. At the time of his termination, Plaintiff was more than qualified for the position he held, having worked as a truck driver for seven years.

28. Defendant discriminated against Plaintiff by subjecting Plaintiff to adverse employment actions including, but not limited to, making ageist

comments, falsely claiming his performance was deficient, and terminating him because of his age.

29. Upon his termination, Plaintiff was replaced by, or his job duties were transitioned to a substantially younger individual.

30. In taking adverse employment actions against Plaintiff, Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the ADEA.

31. Defendant knowingly, intentionally and in bad faith discriminated against Plaintiff because of his age, entitling Plaintiff to liquidated damages under the ADEA.

32. As a result of Defendant's discriminatory conduct, Plaintiff has suffered lost compensation and economic benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

33. Pursuant to the ADEA, Plaintiff is entitled to damages including lost compensation and benefits of employment, reinstatement to his original position with Defendant, liquidated damages, his reasonable attorney's fees and costs of litigation, and all other relief recoverable under the ADEA and statutes providing for relief under the ADEA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That the Court take jurisdiction of this matter;

B. That process be served;

C. That the Court award lost compensation and economic benefits of employment in an amount to be determined by the trier of fact;

D. That the Court award liquidated damages to Plaintiff;

E. That the Court enter an order reinstating Plaintiff to his original position with Defendant or front pay in lieu thereof;

F. That the Court award Plaintiff his costs of litigation in this action and his reasonable attorney's fees;

G. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

H. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 19th day of November, 2021.

                                          **BUCKLEY BEAL, LLP**

                                          */s/ Thomas J. Mew*
                                          Thomas J. Mew


                                                  GA Bar No. 503447
                                                  tmew@buckleybeal.com
                                                  *Counsel for Plaintiff*

BUCKLEY BEAL LLP
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: 404-781-1100
Facsimile:  404-688-2685